Appellant Jerome Burke timely appeals the judgment of the Lorain County Common Pleas Court adjudicating him a sexual predator. Burke challenges the constitutionality of the sexual predator law, and also contends that the evidence before the trial court did not establish clearly and convincingly that he was a sexual predator. This Court affirms the judgment of the trial court because we find that, based upon the authority of State v.Cook (1998), 83 Ohio St.3d 404, and the authority of this Court's prior decisions, that R.C. 2950 is not unconstitutional. Finally, we affirm the trial court's judgment adjudicating Burke a sexual predator because it was supported by clear and convincing evidence.
 I.
On May 27, 1992, Burke was indicted by the Lorain County Grand Jury for one count of rape, a violation of R.C. 2907.02. Again, on July 15, 1992, Burke was indicted by the same grand jury for two counts of felonious sexual penetration, a violation of R.C. 2907.12 (A)(1)(b) and gross sexual imposition, a violation of R.C. 2907.05(A)(1). At the time of the offenses, Burke lived in the same home as one of his underage victims and her mother. He had lived with them for some four years prior to the beginning of the sexual molestation. In addition, Burke sexually molested three other young victims, who were friends of the first victim. At the time he committed these acts, Burke was approximately forty-one years of age.
 On December 14, 1992, Burke withdrew earlier pleas of not guilty and entered a plea of guilty to the rape charge. On February 1, 1993, Burke was sentenced to five to twenty-five years at Lorain Correctional Institute. On May 9, 1997 the Lorain County Court of Common Pleas held a sexual predator hearing, pursuant to Ohio's new sexual predator statute, R.C. 2950.09(C), which became effective January 1, 1997. The court overruled Burke's motion to declare R.C. 2950.09 unconstitutional, and it found Burke to be a sexual predator, in accord with the statute. By definition, a sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).
 II.
First Assignment of Error
 The trial court erred to the prejudice of appellant when it failed to find O.R.C. 2950.09 [sic] unconstitutional as an ex post facto law and as being contrary to the Double Jeopardy Clauses of the U.S. and Ohio [Constitutions] and being contrary to statute, O.R.C. 1.58 [sic].
Burke asserts that R.C. 2950.09 is an unconstitutional expost facto and retroactive law, and that it violates the Double Jeopardy Clauses of the United States and Ohio Constitutions. We disagree.
In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court held that "R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution." Id. at paragraph one of the syllabus. The Court further held that "R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex PostFacto Clause of Section 10, Article I of the United States Constitution." Id. at paragraph two of the syllabus. The defendant in Cook had committed a sexual offense prior to the effective date of the statute, but was sentenced after the effective date. In the instant case, Burke's sexual offenses, conviction and sentencing all occurred prior to the effective date of the statute, and thus R.C. 2950.09(C) governs Burke's hearing and adjudication as a sexual predator. R.C. 2950.09(C) authorizes a much broader scope for the adjudication of sexual predators than does R.C. 2950.09(B). Under R.C. 2950.09(C) any individual incarcerated in Ohio on or after January 1, 1997, who has a history of conviction and sentencing for a sexually oriented offense, could be adjudicated a sexual predator under this portion of the statute.
Although the decision in Cook dealt with the constitutionality of R.C. 2950.09(B), as presented in the syllabus, the Court determined that Chapter 2950 was remedial, not punitive, and that the reporting requirements imposed on sexual predators was de minimis. Prior to the Cook decision this Court, employing an analysis similar to that found in Cook, held that R.C. 2950(C) was not an unconstitutionally retroactive or ex postfacto law. State v. Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported, 5-15. Thus, this portion of Burke's assignment of error is overruled.
In State v. Nuckols (Aug. 26, 1998), Wayne App. No. 97CA0076, unreported, this court held that because the requirements set forth in R.C. 2950.09(B) do not constitute punishment, there exists no claim for a violation of double jeopardy. Nuckols,supra, at 17. We have reached the same conclusion as to R.C.2950.09(C). State v. Kimble, supra. Therefore, the remaining issue of Burke's first assignment of error is also overruled.
Second Assignment of Error
 The trial court erred to the prejudice of the appellant when it failed to find O.R.C. 2950.09 [sic] to be an [unconstitutional] [denial] of due process, equal protection and fundamental fairness of the law.
Third Assignment of Error
 The trial court erred to the prejudice of [appellant] when it failed to find O.R.C. 2950.09 [sic] to be unconstitutionally vague, thereby denying appellant due process of law.
In State v. Kimble, supra, at 13-14, and in State v. Jameson
(Apr. 22, 1998) Lorain App. No. 97CA006704, unreported, this Court addressed the issues presented in Burke's second and third assignments of error. We specifically held that R.C. 2950.09
violates neither equal protection nor due process of law, and is not unconstitutionally vague. Therefore, Burke's second and third assignments of error are overruled.
Fourth Assignment of Error
 The trial court erred to the prejudice of appellant when it failed to find O.R.C. 2950.09 [sic] violated appellant [`s], as well as appellant's family[`s], right of privacy.
Burke next avers that the public notification requirements of R.C. 2950.09 violate his right to privacy. We disagree.
In State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported, this Court held that these notification requirements do not impinge upon an individual's right to privacy. Id. at 15-16. Accordingly, Burke's fourth assignment of error is overruled.
Fifth Assignment of Error
 The trial court erred to the prejudice of appellant when it found appellant to be a sexual predator even though no testimony was presented to show by clear and convincing evidence that appellant was likely to engage in the future in one or more sexually oriented offenses.
Burke contends that there was insufficient evidence before the trial court to establish the requisite burden of proof to be adjudicated a sexual predator, that is, that he is likely to offend in the future. We disagree.
Pursuant to R.C. 2950.09(C)(1), the trial court held a hearing to determine whether Burke should be adjudicated a sexual predator, that is, whether Burke is likely to commit future sexually oriented offenses. In making this determination, the judge must consider all relevant factors enumerated in R.C.2950.09(B)(2), including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
After hearing the evidence, and considering the relevant factors, the court found by clear and convincing evidence that Burke is a sexual predator. "The standard of clear and convincing evidence requires a `degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.'" State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported at 3, quoting State v.Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported at 4, quoting Cross v. Ledford (1954), 161 Ohio St. 469,477. Clear and convincing evidence implies more than a preponderance, but not the degree of certainty needed to establish the proposition beyond a reasonable doubt. Cross, supra. In reviewing the record below, we find that the trial court had before it clear and convincing evidence that Burke was likely to commit future sexually oriented offenses.
Detective Glover testified that Burke had no prior convictions for sexually oriented offenses. However, at the time he committed the instant offenses Burke was forty-one years old, and his victims were ages eight, eleven, twelve and sixteen. Further testimony was presented that Burke was under the influence of alcohol, and had threatened violence against the parents of the victims if the victims told of the molestation. Finally, defendant photographed his victims in sexually provocative poses, and later used those photographs for his sexual gratification. "R.C. 2950.09(B)(2) does not require that each [of the statutory] factor[s] be met, rather it simply requires the trial court consider those factors which are relevant." Nuckols, supra, at 15. The trial court properly considered the statutory factors and was careful to dismiss testimony that had no bearing on those factors. From the record we believe that the court had sufficient evidence to find by the clear and convincing standard that Burke was likely to commit sexually oriented offenses in the future. Burke's fifth assignment of error is overruled.
 III.
Appellant's assignments of error are overruled. The judgment of the Lorain County Common Pleas Court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
 FOR THE COURT
CARR, J.
QUILLIN, J.
CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)